UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION also known as FANNIE MAE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LAURIELLE LEMON,<br><br>　　　　　　Defendant. | Case No. CV 11-03948 DDP (FFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Motion filed on June 17, 2011] |

　　　Presently before the court is Federal National Mortgage Association's ("Plaintiff") Motion to Remand Case to Los Angeles Superior Court. Laurielle Lemon ("Defendant") opposes the motion. Having read the parties' pleadings and considered the arguments therein, the court GRANTS Plaintiff's Motion to Remand and REMANDS Plaintiff's Complaint.

**I. Background**

　　　Plaintiff purchased the property located at 38506 37th Street East, Palmdale, CA 93550, at a foreclosure sale on March 3, 2011. (Complaint ¶2-3.) Plaintiff brought suit in Los Angeles Superior Court on April 1, 2011, alleging Defendant's unlawful detainer of

foreclosed property. (Id. ¶5.) On May 7, 2011, Defendant filed an untimely removal action. Defendant alleges both federal question and diversity jurisdiction. (Notice of Removal ("Removal") 3: 24; Defendant's Opposition to Motion to Remand ("Def.'s Opp'n") 3: 1-4.) Defendant also requests that the court join this case with a related case, No. 2011-cv-03677. (Removal 2: 4-5.) That case, however, was dismissed on June 8, 2011. (2011-cv-03677 Dkt. No. 18.) On June 17, 2011, Plaintiff filed the current Motion to Remand. (Dkt. No. 7.)

**II. Legal Standard**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant bears the burden of proving federal jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Title 28 U.S.C. § 1447(c) gives a federal court authority to remand a case to state court for lack of subject matter jurisdiction. Courts resolve doubts as to removability in favor of remand. Gaus, 980 F.2d at 566.

Federal question jurisdiction exists over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether there is federal question jurisdiction, a court applies "the well-pleaded complaint rule."

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987). The well-pleaded complaint rule dictates that "a federal question must appear on the face of a properly pleaded complaint." Ansley v. Ameriquest Mortgage, Co., 340 F.3d 858, 861 (9th Cir. Cal. 2003) (citing Rivet v. Regions Bank of La., 522 U.S. 470 (1998)).

Federal subject matter based on diversity jurisdiction exists only "where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The court determines the amount in controversy based on Plaintiff's good faith complaint. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 238, 288-89 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith" (footnotes omitted)); Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir. 1986). In determining whether the movant has met the amount in controversy requirement, the court must view all allegations in the complaint in the light most favorable to the non-movant and must accept all material allegations — as well as any reasonable inferences to be drawn from them — as true. North Star Int'l v. Arizona Corp. Comm'n , 720 F.2d 578, 581 (9th Cir. 1983).

An "agency and instrumentality of the federal government . . . is not a citizen of any particular state for diversity purposes." Hancock Financial Corp. v. Federal Sav. and Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir. 1974). When a defendant removes an unlawful detainer action to the district court based on federal statutes governing foreclosure practices, the removal is improper.

3

See HSBC, Inc. v. Santiago, 2011 WL 165382, at *2 (C.D. Cal. January 18, 2011).

**III. Discussion**

Defendant moves for removal on two grounds. First, Defendant argues that removal is warranted because there is a federal question. (Removal 3: 24.) Second, Defendant contends that diversity jurisdiction exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Def.'s Opp'n 3: 1-2.)

Pursuant to the "well-pleaded complaint rule," the district court will retain jurisdiction if a federal question appears on the face of Plaintiff's well-pleaded complaint. Plaintiff purchased the foreclosed property and alleges one cause of action, unlawful detainer, because Defendant has refused to vacate the premises. (Complaint ¶5.) Here, Defendant's only claims in support of a federal question are raised as defenses or counterclaims.[1] Defendant may not remove to federal court on the basis of an affirmative defense or counterclaim. Caterpillar, 482 U.S. at 392.

Defendant also argues that the "complete pre-emption doctrine" transforms the state unlawful detainer action into a federal question. (Removal 6: 1-19.) The "complete pre-emption" doctrine states that when a federal statute completely pre-empts a state law, the state law claim is converted into a federal question.

---

[1] Defendant alleges violations of the Fourteenth Amendment, the Fifth Amendment, the Equal Credit Opportunity Act, the Truth in Lending Act, the Homeowners Equal Protection Act, the Federal Fair Debt Collection Act, Federal Reserve Board Regulation Z, the Real Estate Settlement Procedures Act, the Racketeer Influenced Corrupt Organizations Act, the Federal Trade Commission Act, the Community Re-Investment Act, and the Home Mortgage Disclosure Act. Removal 5: 1-18.

Caterpillar, 482 U.S. at 393. The complete pre-emption doctrine does not apply in this case because no federal statute pre-empts a state unlawful detainer action. Accordingly, the court finds that Defendant has not met her burden of demonstrating that a federal question arises on the face of Plaintiff's well-pleaded complaint.

Next, Defendant alleges diversity jurisdiction exists because there is diversity of citizenship and the amount in controversy is more than $75,000. (Def.'s Opp'n 3: 1-4.) Plaintiff is a federal association. The federal government's agencies or instrumentalities are not citizens of any state. See Hancock, 492 F.2d at 1329 ("an agency or instrumentality of the federal government . . . is not a citizen of any state for diversity purposes"). Accordingly, Defendant has not met her burden of establishing diversity of citizenship.

Finally, the court determines the amount in controversy based on Plaintiff's good faith complaint. St. Paul Mercury Indem. Co., 303 U.S. at 288-89. Plaintiff requests damages of $60 per day of Defendant's allegedly unlawful occupancy, totaling less than $10,000. (Complaint ¶8.) Defendant alleges that the true amount in controversy is the value of the foreclosed property. (Def.'s Opp'n 3: 1-4.) Defendant has not alleged bad faith and none is apparent in Plaintiff's complaint. Although Defendant raises issues of title in her defense, those issues may not transmute an unlawful detainer action into a quiet title action. See Evans v. Superior Court, 67 Cal. App. 3d. 162, 170-71 (1977). Cross-complaints that raise these issues should be severed from the unlawful detainer complaint and parties should seek relief in separate actions. Id. at 170. Thus, the appropriate damages in

unlawful detainer action remains the amount sought in the complaint, not the value of the property itself. See id. at 170-71. Therefore, the court finds that the amount in controversy is less than $75,000.

Federal Rule of Civil Procedure 42 allows the court to consolidate actions with a common question of law or fact that are properly before the court. See Fed. R. Civ. P. 42(a)(2). As the court does not have subject matter jurisdiction over the complaint, the court cannot consolidate this action as requested by Defendant with matter No. 11-cv-03677. See id.; Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same court.").

**IV. Conclusion**

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand and REMANDS Plaintiff's Complaint.

IT IS SO ORDERED.

Dated: July 26, 2011

DEAN D. PREGERSON

United States District Judge